IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**MINT SOLAR, LLC**                                              **PLAINTIFF/**
                                                        **COUNTER-DEFENDANT**

**V.**                          **CASE NO. 5:19-CV-05167**

**SAM'S WEST, INC.**                                            **DEFENDANT/**
                                                        **COUNTER-CLAIMANT**


<u>**MEMORANDUM OPINION AND ORDER**</u>

There are two motions before the Court.  Plaintiff Mint Solar, LLC ("Mint") filed a

Motion to Exclude Expert Testimony of Clay Glasgow (Doc. 68), and Defendant Sam's

West, Inc. ("Sam's Club") filed a Motion to Exclude Expert Testimony of Richard Hoffman

(Doc. 58).  Having considered all the relevant materials,[1] the Court determines that, for

the reasons given below, Mint's Motion (Doc. 68) is **DENIED** and Sam's Club's Motion

(Doc. 58) is **DENIED**.

## I.  LEGAL STANDARD

The decision whether to exclude expert testimony is committed to a district court's

discretion, subject to the Federal Rules of Evidence, including Rule 702.  *Johnson v.*

*Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014).  Rule 702 states that:

> A witness who is qualified as an expert by knowledge, skill, experience,
> training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help
> the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data; (c) the testimony is the

---

[1] Pursuant to the Protective Order in this case, where a filing contained confidential
information, redacted copies were filed to the public docket and unredacted copies were
filed under seal.  The Court considered the materials found at Docs. 69, 72, 74, 75, and
99 in ruling on Mint's Motion.  The Court considered Docs. 59, 62, 84, 85, 95, and 96 in
ruling on Sam's Club's Motion.

product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The Eighth Circuit applies these elements through a three-part test:

First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Johnson*, 754 F.3d at 561.

The proponent of expert testimony bears the burden of showing by a preponderance of the evidence that these requirements are satisfied, but "Rule 702 favors admissibility if the testimony will assist the trier of fact, and doubts regarding whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998) (internal citation and quotation marks omitted). "Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Hose v. Chi. N.W. Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1995) (internal quotation marks omitted).

## II.  EXPERT TESTIMONY OF CLAY GLASGOW

Sam's Club offers Clay Glasgow, a certified public accountant ("CPA"), as an expert on the topic of Sam's Club's damages flowing from its counterclaim against Mint for breach of contract. In seeking to exclude Mr. Glasgow's testimony, Mint makes two arguments: first, that Mr. Glasgow's methods are simple arithmetic for which no expert testimony is necessary and second, that Mr. Glasgow has not done any independent verification of the data provided to him by Sam's Club and therefore cannot testify as to the accuracy of the information underlying his calculations. In response, Sam's Club

argues that Eighth Circuit precedent permits expert testimony to present simple mathematical calculations and that Mr. Glasgow was permitted to rely on the representations of Sam's Club and its counsel in reaching his opinions.

As to the first issue—the appropriateness of having a CPA offer expert testimony after performing basic addition—the Court concludes that Sam's Club has carried its burden to demonstrate the admissibility pursuant to Rule 702.  In *WWP, Inc. v. Wounded Warrior Family Support, Inc.*, the appellant challenged the district court's decision to admit expert testimony, emphasizing that the expert "made only simple mathematical calculations to arrive at his damages calculation."  628 F.3d 1032, 1039 (8th Cir. 2011). The Eighth Circuit held that "[t]here is not, as [appellant] suggests, an implicit requirement in Fed. R. Evid. 702 for the proffered expert to make *complicated* mathematical calculations."  *Id*. (emphasis in original).  The Eighth Circuit went on to quote approvingly this observation of a district court judge in the Eastern District of Tennessee:

> What is a simple mathematical computation to one person may be mind-numbingly complicated to another.  If these calculations are as simple as defendants suggest they are . . ., then those jurors who are mathematically knowledgeable will immediately so recognize and wonder why the plaintiffs utilized a CPA to prove the obvious.

*Id*. at 1040 n.7 (modifications adopted) (quoting *Arnold v. Ambulance Serv. of Bristol, Inc.*, 2007 WL 5117409, at *1 (E.D. Tenn. Aug. 21, 2007)).  Thus, the mere fact that Mr. Glasgow's contribution is to organize and add up the numbers provided to him by Sam's Club does not require the Court to exclude his opinion.[2]  While Sam's Club might have

---

[2] Nor is the Court concerned about the potential "talismanic effect," (Doc. 72, p. 17), of having an expert present the data.  It is not the Court's practice to give an expert special status before the jury.

offered the same testimony through a lay witness, the Court will not exclude Mr. Glasgow's opinions as to the sum of Sam's Club's damages.

Mint's second objection goes to the factual basis for Mr. Glasgow's opinion. The Court agrees with Sam's Club that challenges to the robustness of Mr. Glasgow's findings may be presented through cross examination and are not a basis for exclusion. In his report, Mr. Glasgow offers opinions as to the total amounts paid by Sam's Club in various categories to customers, vendors, and installers. In reaching the conclusions in his report, Mr. Glasgow relied on representations of Sam's Club and its general counsel, which he was permitted to do. The Court agrees with Mint that Mr. Glasgow's reliance cannot be offered as proof of the accuracy of those representations, but the Court does not understand that to be Mr. Glasgow's intention. For example, as to wire transfers, Mr. Glasgow offers the opinion that "[t]he total amount of money paid by Sam's to [Mint's] vendors and installers by wire transfer is $1,310,121.35." (Doc. 72-1, p. 4). As the basis for this opinion, Mr. Glasgow states in his report, "I understand that Sam's paid certain vendors and installers by wire transfer as a result of Mint's alleged breaches of the Agreement." *Id.* In deposition, Mr. Glasgow clarified that "the wire transfer authorization forms were given to us with the representation that those were payments for—or payments to Mint vendors that had accounts past due that had to be paid in order for them to remove liens and complete the projects." (Doc. 72-2, p. 9, depo. 26:10–15). Specifically, it was "represented to me by the attorneys in providing these documents that . . . what these payments were for were to Mint vendors and installers that had performed services under these contracts." *Id.* at depo. 27:16–20. Thus, the Court agrees with Mint that Mr. Glasgow "cannot be allowed to testify that Sam's actually paid the amounts

4

listed," (Doc. 72, p. 18), or "that certain entities and individuals are, in fact, Mint installers, vendors, and/or customers." *Id*. at p. 21. But since this is not Mr. Glasgow's testimony either in his report or in deposition, the Court is satisfied that the requested relief—the exclusion of Mr. Glasgow's testimony—is not necessary. Rather, Mr. Glasgow will testify that he relied on Sam's Club's representations that these payments were actually made and targeted to fulfill obligations made by Mint. If the jury is persuaded (by other testimony) of the accuracy of the representations on which Mr. Glasgow relied, then they may find Mr. Glasgow's organization and calculations helpful in determining the amount of damages to which Sam's Club is entitled on its counterclaim.[3]

### III.  EXPERT TESTIMONY OF RICHARD HOFFMAN

Mint offers the testimony of another CPA, Richard Hoffman, as to its lost profits resulting from Sam's alleged breach of the parties' contract. Sam's Club challenges the reliability of Mr. Hoffman's calculations in seeking to exclude his testimony. Mr. Hoffman's report and the briefing on this Motion were all completed before the Court's Memorandum Opinion and Order of April 30, 2021, was entered, which ruled on the parties' motions for summary judgment. In that Order, the Court distinguished between direct damages, which are potentially recoverable, and consequential damages, which are not, and held that "[l]ost profits associated with the existing level of sales were the natural and direct result of the alleged breach and are recoverable for the rest of the original term of the Agreement." (Doc. 114, p. 23). This necessarily excludes any testimony from Mr.

---

[3] The Court recognizes that the briefing discusses an additional issue regarding the admissibility of the summaries on which Mr. Glasgow relies. The Court determines that this issue is better suited to the Court's liminal rulings than to these expert witness motions, but the parties are advised that Mr. Glasgow's expert testimony will not be a vehicle by which to discuss material that is otherwise inadmissible.

Hoffman related to lost profits accruing after September 27, 2018.  It also excludes any testimony regarding scenarios in which Mint increased its staffing levels or expanded its presence in Sam's Clubs beyond its footprint prior to Sam's Club's alleged breach of the Agreement.  This applies to the sale of both solar panel systems and home security systems.

Other than the limitations that follow from the Court's findings as a matter of law in its Memorandum Opinion and Order of April 30, 2021, the Court will not exclude Mr. Hoffman's testimony.  The Court concludes that these limitations moot Sam's Club's primary arguments for exclusion—that Mr. Hoffman "cherry-picks" the data on which he relies and that there is an impermissible "analytical gap" between the data and the expert opinion.  The Court finds that, given the limitations imposed by its prior ruling, Mr. Hoffman's methods are adequately reliable from an evidentiary perspective, and any disagreements Sam's Club has with Mr. Hoffman's testimony can be adequately elicited through cross examination of Mr. Hoffman and the testimony of Sam's Club's rebuttal expert.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that Mint's Motion to Exclude Expert Testimony of Clay Glasgow (Doc. 68) is **DENIED**, and Sam's Club's Motion to Exclude Expert Testimony of Richard Hoffman (Doc. 58) is **DENIED**.

**IT IS SO ORDERED** on this 4th day of May, 2021.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE